UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ANDRE BROUGHTON,**

      **Plaintiff,**

                                Case No. 01-70074

v.

                                HONORABLE DENISE PAGE HOOD

**MARK HAZELROTH, et. al.,**

      **Defendants.**

_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

This matter is before the Court on Magistrate Judge Paul J. Komives' Report and Recommendation dated March 3, 2006. Defendant Hazelroth filed an Objection on March 17, 2006.

**II.    STANDARD OF REVIEW**

    **A.    Report and Recommendation**

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." Id.

In order to have preserved his right to appeal the Magistrate Judge's recommendation, Plaintiff was obligated to file objections to the Report and Recommendation within ten days of service of a copy, as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474

U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Plaintiff filed timely objections to the Magistrate Judge's recommendation on August 26, 2005.

### B. Summary Judgment

Under Fed. R. Civ. P. 56, summary judgment is to be entered if the moving party demonstrates there is no genuine issue as to any material fact. The Supreme Court has interpreted this to mean that summary judgment should be entered if the evidence is such that a reasonable jury could find only for the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985). In resolving a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party. *See Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711 F.2d 1319 (6th Cir. 1983). But as the Supreme Court wrote in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986):

> [T]he plain language of Rule 56(c) mandates the entry to summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

To create a genuine issue of material fact, the nonmovant must do more than present "some evidence" of a disputed fact. "If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50

(citations omitted).  Accordingly, a nonmovant "must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact." *Mathieu v. Chun*, 828 F. Supp. 495, 497 (E.D. Mich. 1993) (citations omitted).

### III.    APPLICABLE LAW & ANALYSIS

Magistrate Judge Komives issued a Report and Recommendation granting in part and denying in part Defendant's Motion for Summary Judgment.  The Magistrate Judge recommended that the Court grant Defendant Hazelroth's motion as to the dismissal of Plaintiff's conspiracy claim and deny Defendant Hazelroth's motion as to the preclusion of relitigation of the probable cause issue.  Defendant Hazelroth objects to the Magistrate Judge's determination that the Plaintiff is not collaterally estopped from litigating the issue of probable cause.  Defendant Hazelroth objects to (1) the Magistrate Judge's recommendation regarding the collateral estoppel issue as contrary to law and fact; (2) the recommendations in § II F(2), stating that the Magistrate Judge incorrectly portrayed Plaintiff's allegations, which led to an incorrect conclusion of law; (3) even accepting the Plaintiff's factual inferences and legal conclusions as true, the Magistrate Judge applied the wrong standard of review; and (4) the Magistrate Judge's analysis of the Plaintiff's false arrest and malicious prosecution claims under the third prong of the *Darrah* analysis.

#### A.    Collateral Estoppel

Collateral estoppel, or issue preclusion, is a legal doctrine created to enhance judicial efficiency by precluding the relitigation of issues that have been resolved in a prior proceeding. Under Michigan law, collateral estoppel prevents relitigation of an issue in a subsequent, different cause of action where the prior proceeding culminated in a valid final judgment and the issue was (1) actually litigated and (2) necessarily determined.  *Kaufman v. BDO Sediman*, 984 F.2d 182, 184

(6th Cir. 1993).

As to whether the issue was actually litigated, the Court finds that the probable cause, as to Plaintiff's arrest was not "actually litigated" in the prior proceeding, as required to apply collateral estoppel. Defendant Hazelroth argues that since a preliminary examination determining whether the matter should proceed to trial was held and since the Plaintiff was bound over for trial the probable cause issue has been resolved. This argument is without merit as the probable cause determination at the preliminary examination is a different issue from the determination of probable cause to arrest a suspect. The probable cause determination to arrest a suspect was not addressed at the preliminary examination. The issue at a preliminary examination is whether or not there is probable cause that a crime has been committed, not whether there was probable cause to arrest a suspect. The Court finds that the probable cause issue, as to Plaintiff's arrest, was not actually litigated in his prior criminal proceedings.

### B.     Magistrate Judge's Reliance on Plaintiff's Factual Inferences

Defendant Hazelroth next argues that the Magistrate Judge accepted Plaintiff's claims as true, and relied upon the claims in drawing an improper legal conclusion. In reviewing a motion for summary judgment, the Court is to view the evidence in the light most favorable to the non-moving party, in this case the Plaintiff. *See Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711 F.2d 1319 (6th Cir. 1983). The Court finds that the evidence was sufficient to overcome summary judgment and that Magistrate Judge properly viewed the evidence and applied the correct legal conclusions.

### C.     Proper Standard of Review

Defendant Hazelroth further asserts that the Magistrate Judge applied an improper standard

of review, applying the 12(b)(6) standard instead of a summary judgment standard. Upon review of the Report and Recommendation, the Court finds that the Magistrate Judge applied the correct standard of review.

### D.  Application of the Third Prong of *Darrah v. City of Oak Park* Analysis

Defendant Hazelroth finally objects to the Magistrate Judge's decision based on the third prong of *Darrah v. City of Oak Park*, 255 F.3d 301 (6th Cir. 2001). Defendant Hazelroth argues that it was erroneous for the Magistrate Judge to conclude that the Plaintiff was making a claim other than false arrest or malicious prosecution, both of which require a showing of probable cause to arrest. The Court finds that the Magistrate Judge did not conclude that the Plaintiff was making a claim separate from the false arrest or malicious prosecution claims. Plaintiff bases his false arrest and malicious prosecution claims on allegations that the MDOC employees falsified their reports to conceal exculpatory evidence, and that Defendant Hazelroth knew or should have known of the falsification. Plaintiff further argues that the false reports were the basis of the finding of probable cause for the arrest. The Court finds that the Magistrate Judge correctly applied the third prong of the *Darrah* analysis.

### E.  Dismissal of Plaintiff's Conspiracy Claim

Defendant Hazelroth does not object to the Magistrate Judge's recommendation as to the dismissal of the Plaintiff's conspiracy claim. The Magistrate Judge determined (1) the Plaintiff has not stated a claim for conspiracy under 42 U.S.C. § 1985 and (2) there is no genuine issue of material fact to survive a motion for summary judgment in a conspiracy claim based on 42 U.S.C. § 1983. The Court has reviewed the Magistrate Judge's decision on the conspiracy claim and finds that the Magistrate Judge reached the proper conclusions.

**IV.     CONCLUSION**

Upon review of the Magistrate Judge Komives' March 3, 2006 Report and Recommendation, the Court finds that the Magistrate Judge reached the correct conclusions for the proper reasons.

Accordingly,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Paul J. Komives **[Docket No. 73]** dated March 3, 2006, is ACCEPTED and ADOPTED as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment **[Docket No. 67, filed June 9, 2005]** is GRANTED IN PART and DENIED IN PART; granted as to Plaintiff's conspiracy claim and denied as to Defendant's preclusion of relitigating the probable cause claim.

IT IS FURTHER ORDERED that Plaintiff's conspiracy claim is DISMISSED.


    /s/ Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED: March 29, 2006


I hereby certify that a copy of the foregoing document was served upon counsel of record on March 29, 2006, by electronic and/or ordinary mail.

s/William F. Lewis
Case Manager